## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**YOGENDRA SAGAR**,
individually and on behalf of all
others similarly situated,                                    **CLASS ACTION**

     Plaintiff,                                              **JURY TRIAL DEMANDED**

v.

**KELLY AUTOMOTIVE GROUP, INC.,**

     Defendant.
_____/

## CLASS ACTION COMPLAINT

Plaintiff Yogendra Sagar brings this class action against Defendant Kelly Automotive Group and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1.     This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* (the "TCPA").

2.     Defendant owns and operates eight motor vehicle dealerships in Massachusetts.

3. To promote its vehicle inventory and related services, Defendant engages in automated text messaging, including to individuals who have registered their telephone numbers on the National Do Not Call Registry.

4. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION, VENUE, AND PARTIES

5. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

6. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant is incorporated and headquartered in Massachusetts.

7. Plaintiff is a natural person who, at all times relevant to this action, was a citizen and permanent resident of the Suffolk County, Massachusetts.

8. Defendant is a Massachusetts corporation whose principal office is located at 155 Andover Street, Danvers, MA 01923.

9.    Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## THE TCPA

10.    The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

11.    The TCPA exists to prevent communications like the ones described within this Complaint.  *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

12.    In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

13.    The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA.  According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of

privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

14.    In 2012, the FCC issued an order further restricting automated telemarketing calls, requiring "prior express <u>written</u> consent" for such calls. *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012) (emphasis supplied).

15.    To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and conspicuous disclosure' of the consequences of providing the requested consent….and having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

16.    The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12). In determining whether a communication constitutes telemarketing,

a court must evaluate the ultimate purpose of the communication.  *See Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 820 (8th Cir. 2015).

17.    "Neither the TCPA nor its implementing regulations 'require an explicit mention of a good, product, or service' where the implication of an improper purpose is 'clear from the context.'"  *Id*. (citing *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012)).

18.    "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services."  *Golan*, 788 F.3d at 820 (citing 47 C.F.R. § 64.1200(a)(2)(iii); 47 C.F.R. § 64.1200(f)(12); *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd at 14098 ¶ 141, 2003 WL 21517853, at *49).

19.    The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA.  *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003).  This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call *or in the future*.  *Id.*

20.    In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA.  *See*

*In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 136 (2003).

21.    If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent.  *See In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

## **FACTS**

22.    In February and March of 2021, Defendant sent at least three text message advertisements to Plaintiff's cellular telephone, including the following advertisement:



6

23.    Plaintiff received the subject text message calls within this circuit and, therefore, Defendant's violation of the TCPA occurred within this circuit.

24.    Plaintiff's cellular telephone number has been registered on the National Do Not Call Registry since December 15, 2004.

25.    Plaintiff utilizes his cellular telephone number for personal purposes only.

26.    At the time Plaintiff received the text messages, he was the sole user of the cellular telephone that received the messages.

27.    Defendant's text messages constitute telemarketing/advertising because they promote Defendant's business, goods and services.

28.    Plaintiff did not provide Defendant with his express written consent to be contacted by text messages using an automatic telephone dialing system ("ATDS").

29.    Plaintiff has had no business dealings with Defendant since 2015 when he made a request to one of Defendant's managers to be placed on Defendant's internal Do Not Call Registry.

30.    Defendant's failure to abide by Plaintiff's opt-out request is indicative of Defendant's lack of a written policy for maintaining internal do not call procedures.

31.    Defendant's failure to honor the opt-out request is also indicated of Defendant's failure to maintain an internal do not call list and inform and train its personnel engaged in telemarking in the existence and the use of an internal do not call list.

32.    The impersonal and generic nature of Defendant's text messages demonstrates that Defendant utilized an ATDS in transmitting the messages. The messages include no personal identifiers and are formatted in a generic manner.

33.    The number used by Defendant to transmit the messages is known as a "long code," a standard telephone number that enables Defendant to send SMS text messages *en masse*, while deceiving recipients into believing that the messages were personalized and sent from a telephone number operated by an individual.

34.    Another sign that Defendant utilized an ATDS is that upon responding "stop" to the telephone number that sent the messages, the following automated reply is sent by Defendant's automated system:

35.    Upon information and belief, Defendant caused similar text messages to be sent to individuals residing within this judicial district.

36.    To send the text messages, Defendant used a messaging platform (the "Platform") that permitted Defendant to automatically call thousands cellular telephone numbers with text messages and without any human involvement.

37.    Upon information and belief, the Platform has the capacity to store telephone numbers.

38.    Upon information and belief, the Platform has the capacity to generate sequential numbers.

39.    Upon information and belief, the Platform has the capacity to dial numbers in sequential order.

40.    Upon information and belief, the Platform has the capacity to dial numbers from a list of numbers.

41.    Upon information and belief, the Platform has the capacity to dial numbers without human intervention.

42.    Upon information and belief, the Platform has the capacity to schedule the time and date for future transmission of text messages.

43.    Defendant's unsolicited text message caused Plaintiff additional harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.  Defendant's call also inconvenienced Plaintiff and caused

disruption to Plaintiff's daily life, and Plaintiff wasted time dealing with Defendant's unsolicited text message calls.

## CLASS ALLEGATIONS

### PROPOSED CLASS

44.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

45.     Plaintiff brings this case on behalf of the Class defined as follows:

**NO CONSENT CLASS: All persons within the United States who, within the four years prior to the filing of this Complaint, received a text message using the same type of equipment used to text message Plaintiff, from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number, for the purpose of promoting and/or advertising Defendant's goods and/or services.**

**DO NOT CALL REGISTRY CLASS: All persons in the United States who from four years prior to the filing of this action (1) received a text message call from Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose advertising and/or promoting Defendant's property, goods, and/or services.**

**INTERNAL DO NOT CALL CLASS: All persons within the United States who, within the four years prior to the filing of this Complaint, (1) were sent a text message from Defendant or anyone on Defendant's behalf, (2) regarding Defendant's property, goods, and/or services, (3) to said person's residential telephone number, (4) after making a request to Defendant to not receive calls and/or text messages from Defendant.**

46.    Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

47.    Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

48.    Upon information and belief, Defendant has placed automated text message calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express written consent.  The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

49.    The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendant's text messaging records.

### COMMON QUESTIONS OF LAW AND FACT

50.    There are numerous questions of law and fact common to members of the Class which predominate over any questions affecting only individual members of the Class.  Among the questions of law and fact common to the members of the Class are:

a) Whether Defendant made non-emergency calls to Plaintiff's and Class members' cellular telephones using an ATDS;

b) Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;

c) Whether Defendant sent solicitations to individuals who had registered their telephone numbers on the National Do Not Call Registry;

d) Whether Defendant's conduct was knowing and willful;

e) Whether Defendant is liable for damages, and the amount of such damages; and

f) Whether Defendant should be enjoined from such conduct in the future.

51.    The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text message calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

52.    Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

53.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

54.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

55.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.  Additionally, individual

actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227(b) and 47 C.F.R. § 64.1200**
**(On Behalf of Plaintiff and No Consent Class)**

56.    Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

57.    It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

58.    It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an automatic telephone dialing system…To any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

59.    Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system…other than a call made with the prior express written

14

consent of the called party or the prior express consent of the called party when the call is made …" 47 C.F.R. § 64.1200(a)(2).

60.    The TCPA defines an "automatic telephone dialing system" (hereinafter "ATDS") as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *Id*. at § 227(a)(1).

61.    Defendant used an ATDS to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class defined below.

62.    Defendant did not have prior express written consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made.

63.    Defendant has, therefore, violated § 227(b)(1)(A)(iii) and § 64.1200(a) of the TCPA by using an ATDS to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express written consent.

64.    Defendant knew that it did not have prior express written consent to make these calls, and knew or should have known that it was using equipment that at constituted an automatic telephone dialing system. The violations were therefore willful or knowing.

65.    As a result of Defendant's conduct and pursuant to § 227(b)(3) of the

TCPA, Plaintiff and the other members of the putative Class were harmed and are

each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and

the members of the Class are also entitled to an injunction against future calls. *Id.*

**COUNT II**
**Violations of TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

66.    Plaintiff re-alleges and incorporates the allegations of paragraphs 1-55

as if fully set forth herein.

67.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c),

provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a]

residential telephone subscriber who has registered his or her telephone number on

the national do-not-call registry of persons who do not wish to receive telephone

solicitations that is maintained by the federal government."

68.    47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are

applicable to any person or entity making telephone solicitations or telemarketing

calls to wireless telephone numbers."[1]

69.    47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall

initiate any call for telemarketing purposes to a residential telephone subscriber

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

70.    Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

71.    Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

72.    Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c),

17

are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

73.    To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## COUNT III
## VIOLATION OF 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)
### (On Behalf of Plaintiff and the Internal Do Not Call Class)

74.    Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 55 as if fully set forth herein.

75.    In pertinent part, 47 C.F.R. § 64.1200(d) provides:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> **(1)** *Written policy.* Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

> **(2)** *Training of personnel engaged in telemarketing.* Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

76.     Under 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.

77.     Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive calls from Defendant.

78.     Defendant failed to honor Plaintiff and the Internal Do Not Call Class members' opt-out requests.

79.     Defendant's refusal to honor opt-out requests is indicative of Defendant's failure to implement a written policy for maintaining a do-not-call list and to train its personnel engaged in telemarketing on the existence and use of the do-not-call-list.

80.     Thus, Defendant has violated 47 C.F.R. § 64.1200(d).

81.     Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation.

82.     As a result of Defendant's knowing or willful conduct, Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages per violation.

83.    Plaintiff and the Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to section 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a)  An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b)  An award of actual and statutory damages for Plaintiff and each member of the Class;

c)  As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq*., and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

d)  As a result of Defendant's knowing and/or willful violations of  47 U.S.C. §§ 227, *et seq*., and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

e) An order declaring that Defendant's actions, as set out above, violate the TCPA;

f) An injunction requiring Defendant to cease all unsolicited call activity, and to otherwise protect the interests of the Class;

g) An injunction prohibiting Defendant from using, or contracting the use of, an ATDS without obtaining, recipient's consent to receive calls made with such equipment;

h) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: March 29, 2021

Respectfully submitted,

**CHARLESTOWN LAW GROUP**

By:     */s/ Jason R. Campbell*
Jason R. Campbell, Esq.
Bar No. 689670
The Schraffts Center Power House
529 Main Street, Suite P200
Charlestown, Massachusetts 02129
Tel: 617-872-8652
E-Mail: jasonrcampbell@ymail.com

**HIRALDO P.A.**
Manuel S. Hiraldo, Esq.
(*pro hac vice* to be filed)
401 East Las Olas Boulevard
Suite 1400
Ft. Lauderdale, FL 33301
mhiraldo@hiraldolaw.com

**IJH LAW**
Ignacio Hiraldo, Esq.
(*pro hac vice* to be filed)
IJhiraldo@Hiraldolaw.com
1200 Brickell Ave.
Suite 1950
Miami, FL 33131
E: IJhiraldo@IJhlaw.com
T: 786-496-4469
*Counsel for Plaintiff*